

ORDERED in the Southern District of Florida on May 30, 2013.

A. Jay Cristol, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:  Case No: 12-31057
Chapter 7

MANUEL DIAZ

_____ Debtors /

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY MCCormick 105, LLC.**

THIS CASE upon agreement of the parties and the court's review of the matters herein on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 57 the "Motion").

Based upon the Debtor's assertions made in support of the Motion, upon agreement of the parties, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the Debtor's real property (the "Real Property") located at

1. 17642 NW 87 PL, Hialeah FL 33018 and more particularly

    described as:

Legal Description:

PALM SPRING ESTATES PB 151-20 T-18725 LOT 24 BLK 6 LOT SIZE 7500 SQ FT F/A/U 30-2009-001-0490 0500 0510 & 0520

    is $271,000.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of MCCormick 105, LLC (the "Lender") is $290584.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Lender has an allowed secured claim in the amount of $0.00.

3.  Because Lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded at OR Book 25844 Page 1085 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtors discharge in this chapter 7 case. If this case is converted to a case under any other chapter or if the chapter 7 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a

proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtors receive a discharge in this chapter 7 case.

###

Submitted By:
The Law Office of Maite L. Diaz, P.A.
POBOX 820300
South Florida, Florida 33082
Telephone: 954-389-1667
Facsimile: 954-389-1657

*Maite L. Diaz, Esq. is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.*